Assumpsit. The declaration contained two counts: First, on special promise and undertaking, that, in consideration, the plaintiff would trust and confide to the defendant's care a note for $80 against one Newland, he, the defendant, would use ordinary diligence in collecting and paying over the same; whereupon the said note was put into his hands for collection, and he had failed, through gross negligence, to collect and pay over the same. The second count was for money had and received by the defendant to the plaintiff's use. Plea, non assumpsit.
The evidence was that a note against Newland for $80 was put by the plaintiff into the hands of the defendant to collect, and that he undertook to collect the same, and that he subsequently acknowledged he had received $60 of the money. It was also in evidence that the defendant delivered up this note to the debtor and gave him a receipt for the amount, and that he received from Newland a note of one McCraw for *Page 195 
$800, out of which he had collected $640. The plaintiff, by her agent, demanded of the defendant the money due to her. He failed to pay it, stating that he had not the money by him.
The court charged the jury upon the first count that if the defendant omitted to collect the debt from Newland, by failing to use such diligence as a man of common and ordinary prudence would use in the management of his own business, then the plaintiff was entitled to recover. On the second count, the court charged the jury that if the defendant had collected the debt from Newland, or any part of it, the plaintiff was entitled to recover such part. And the court (255) charged that the demand which was made on the defendant was sufficient.
The jury gave a verdict for the plaintiff for the amount of the note and interest. Judgment was rendered accordingly, and the defendant appealed.
We have examined the whole charge of the judge, and it seems to us to be free from any error in law. When the demand was made, the defendant, it is true, did not deny the debt, but he failed to pay it, and that failure, in law, was a refusal to pay, so as to enable the plaintiff to commence her action.
The judgment must be affirmed.
PER CURIAM. No error.